**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Irving Jules STOLBERG, Defendant-Appellant.**

**No. 14395.**

United States Court of Appeals
Seventh Circuit.

June 7, 1965.

Robert T. Drake and George C. Pontikes, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Donald E. Joyce, Asst. U. S. Attys., Chicago, Ill., for appellee.

Ralph E. Brown, Chicago, Ill., for American Jewish Congress Council of Greater Chicago, amicus curiae.

Seymour H. Bucholz, Chicago, Ill., Paul H. Vishny, Chicago, Ill., of counsel, for Illinois Division American Civil Liberties Union, amicus curiae.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

Defendant was charged by indictment with violation of Section 462 of the Universal Military Training and Service Act,

Title 50, U.S.C. App. § 451 et seq., by refusing to submit to induction. Trial was had before the Court. A judgment of guilty was entered. Defendant was committed to the custody of the Attorney General for one year and one day. This is an appeal from the judgment of conviction. The defendant was released on bond pending this appeal.

Irving Stolberg registered for the draft in 1954. At that time he was given a questionnaire to fill out. When it came to the question about whether he considered himself a conscientious objector within the meaning of the Act, Stolberg wrote in the margin of the form—"By belief I am Opposed to Combat or The Killing of Human Beings. Irving Stolberg."

On March 25, 1955, Stolberg was furnished with Selective Service Form 150, "Special Form for Conscientious Objector." This form was returned by the defendant as not applicable to him.

On December 15, 1958, defendant was ordered to report for a pre-induction physical examination. On December 18, 1958, defendant wrote his draft board requesting an occupational deferment. A temporary deferment was granted.

On April 27, 1959, some four months after he had been ordered to report for his pre-induction physical, and some four years after he returned the form for conscientious objectors as not applicable to him, the defendant requested a Form SSS 150 in order to obtain the classification of conscientious objector.

On May 4, 1959, Stolberg filed the Form 150. On May 5, 1959, the draft board classified him 1–A. Stolberg wrote the draft board asking for a personal appearance. The draft board considered such request as an appeal from the classification of 1–A.

T. Oscar Smith, Chief of the Conscientious Objector Section of the Department of Justice, recommended to the Board that the claim of the defendant for conscientious objector status be not sustained. The Appeal Board classified defendant as 1–A. A copy of Smith's letter went to Stolberg on August 9, 1960, and defendant then wrote a letter to the Appeal Board giving additional information as to his religious beliefs.

After oral argument before this Court, the decision herein was held in abeyance because the United States Supreme Court had granted certiorari in three cases— United States v. Seeger, 2 Cir., 326 F.2d 846; United States v. Jakobson, 2 Cir., 325 F.2d 409, and Peter v. United States, 9 Cir., 324 F.2d 173. It was understood that the issues in those cases were the same as those raised by the defendant in the instant case.

Sec. 6(j) of the Universal Military Training and Service Act provides:

"(j) Nothing contained in this title (sections 451–454 and 455–471 of this Appendix) shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. *Religious training and belief in this connection means an individual's belief in a relation to a Supreme Being involving duties superior to those arising from any human relation, but does not include essentially political, sociological, or philosophical views or a merely personal moral code."*

The language italicized was added by Congress in 1948.

On March 8, 1965, in a single opinion, United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733, the Supreme Court rendered decisions in No. 50, United States v. Seeger; No. 51, United States v. Jakobson, and No. 29, Peter v. United States. In Peter, the Supreme Court reversed, while it affirmed the judgments in Seeger and Jakobson.

It is difficult to state just what Stolberg's religious beliefs were. At one time he stated he believed in a Supreme Being. The brief upon behalf of Stolberg ventures the suggestion that pershaps his belief is close to the Quakers' belief of an "Inner Life," and yet "he does not be-

lieve the Supreme Being constitutes a force outside of man." Also, the brief says "as to an after life, he doesn't know of any." Further, that Stolberg " * * * has no answer as to what we are here for or where we are going except to help other men, and he believed that regard for human life was essential."

In view of the decision in United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, construing exemption claims under Section 6(j), we are forced to conclude that Stolberg's beliefs qualified him for the classification of conscientious objector. Under the interpretation which that Court has made of Section 6(j), the Board should have granted Stolberg's application for a conscientious objector status. It follows the judgment of conviction must be reversed.

Reversed.