**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Steven Ansel GARVIN, Defendant-Appellant.**

**No. 18375.**

United States Court of Appeals, Seventh Circuit.

Jan. 26, 1971.

Edward W. Harris, III, Indianapolis, Ind., for defendant-appellant; Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., of counsel.

Stanley B. Miller, U. S. Atty., Paul E. Peach, Atty., Indianapolis, Ind., for plaintiff-appellee.

Before KILEY, FAIRCHILD and CUMMINGS, Circuit Judges.

KILEY, Circuit Judge.

This is an appeal from a judgment convicting the defendant of refusal to submit to induction in violation of 50 U.S.C. App. § 462. We reverse.

Garvin's local board gave him a student classification and deferment from the time of his registration in March, 1965, until he was reclassified I–A in August, 1966. The board's August action was based on information from him that he had completed but a half-year program in a university during that one year period. The board, in November, 1966, reclassified him I–S(C), a terminal student deferment, upon hearing from Garvin's university that he was still a full-time student. On subsequent information from the university about Garvin's unsatisfactory class placement and class hour schedule, he was reclassified I–A in December, 1967.

The board, on February 9, 1968, sent Garvin an order to report for induction on March 7, 1968. This order was postponed. He was again ordered on July 11, 1968 to report for induction August 1, 1968. On July 18 he requested an SSS Form 150 which he completed and returned to the board on July 29. On August 1 he refused to submit to induction. His indictment, trial and conviction followed.

The board considered Garvin's Form 150 on July 31, 1968. The minutes of the board meeting state:

> Registrant is under orders to report for induction. * * * Registrant had completed Form 150, but since he did not request Class I–O until after he received his Order to Report for Induction the local board felt that there was not sufficient evidence to warrent [sic] granting class I–O.

NO ACTION TAKEN AT THIS TIME.

On August 5 the board notified Garvin by mail that the evidence submitted in the Form 150 had been received and that the evidence did not warrant reopening and considering anew the I–A classification.

Garvin contends, among other things, that the board's Order to Report for Induction is invalid because the board denied him due process in failing to reopen his I–A classification. We need consider no other contention made.

The minutes of the board meeting are somewhat ambiguous, indicating that the board's decision may have been based on the idea—expressed in this court's decision in United States v. Schoebel, 201 F.2d 31 (7th Cir. 1953)— that Garvin's application did not show, as required by 32 C.F.R. § 1625.2(b), a "change in * * * status resulting from circumstances over which [Garvin] had no control." However, the government does not question that a post-induction order crystallization of conscience can be a circumstance beyond Garvin's control. See United States v. Nordlof, 440 F.2d 840 (7th Cir., Jan. 5, 1971).[1] The government seeks to sustain the conviction on the ground that Garvin's application failed to establish prima facie a right to reopening. And the board's letter to Garvin dated August 5 indicates that this may have been the ground of the board's decision.

The question for us is therefore whether Garvin's Form 150 established a prima facie case requiring reopening of his I–A classification.

■■ The board properly considered Garvin's application since his application presented new evidence. United States v. Shermeister, 425 F.2d 1362 (7th Cir. 1970). If it should have reopened the classification, instead of denying reopening as it did, the failure to do so is fatal to his conviction. United States v. Freeman, 388 F.2d 246, 248 (7th Cir. 1967). The board was required to reopen the classification if the application taken as true presented a prima facie

1. In *Nordlof* we overruled the holding in *Schoebel* that "promptings of conscience" cannot result in a change of status from a circumstance beyond control of a registrant.

showing which was not conclusively overcome by material in the board's file. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).

The government urges several reasons why a prima facie case was not presented by the application: there is no statement as to when Garvin first developed his objection; the application does not show prima facie that Garvin's objection is based on religious training and belief or its legal equivalent; and Garvin does not state that he is morally opposed to all wars.

[3] A reading of Garvin's statement discloses that there is no basis for these "reasons." He states essentially that an "act of war is, by reason of my religious training and belief, against my conscience;" that he cannot condone "this war, killing or military conscription * * * which are antithetical to reason and compassion;" that he "must reject the reasoning behind killing in certain instances and war * * * [as] immoral;" and that if "I take [another's] life * * * I am violating my principles." With respect to the question "Do you believe in a Supreme Being?" Garvin answered that his "present views toward a supreme being are agnostic" but that "reason and compassion are manifestations of a supreme being or collective human intelligence. * * *" These claims taken as true make out a prima facie claim for reopening. Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970); United States v. Seeger, 380

U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965); United States v. Stolberg, 346 F.2d 363 (7th Cir. 1965).

It is true that Garvin's application goes on to state that "I especially must reject the rational [sic] behind our war in Vietnam" and that "this war is insane." These statements, however, do not contradict his statements that he is opposed to war in general, assuming that to be the legal test. The government would have us read his statement "I must reject the reasoning behind killing in certain instances and war" as a rejection of killing only in certain circumstances and to specific wars only. But Garvin's statement, read in context, is that he is opposed to the governmental policy that killing in certain circumstances is justified. The government does not argue that there is information in Garvin's file which "conclusively refute[s]" his prima facie case, and accordingly a reopening was required. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).

■ There is no basis in fact for concluding that Garvin's beliefs matured prior to the mailing of his induction order. Form 150 discloses that "the first time I have ever given expression to my views was * * * on July 2, 1968." This is five months after Garvin's postponed Order to Report for Induction.[2]

■■ The government further says that Garvin's application states no source of his claim other than "reading, family and religious influence."[3] We

2. Although a second Order to Report was mailed after July 2, 1968, the record indicates that this order was merely a renewal of his postponed February 9, 1968 Order to Report for Induction.

3. The government says that the board's task upon receipt of the SSS Form 150 was to determine whether Garvin's objection was based on religious grounds, and in that determination to decide whether his beliefs are sincerely or "truly held." In its view, the board was empowered to consider the sincerity element in deciding whether to reopened the I-A classification,

and the board's decision "on this point" cannot be appealed.

We think the government misconceives the administrative process and the right of appeal. The first step in the process is to consider an application for C-O classification with respect to whether it, taken as true, presents a prima facie case in the light of "other information" in the file. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). If a prima facie case is shown and not overcome conclusively by other information, the board "must reopen." *Id.* at 417–418, 90 S.Ct. 1766. The board

**1058** ■■■■■■■■■■■■■■■■

think this is a sufficient statement of source.

We hold therefore that the board "abused its discretion" in refusing to re-open Garvin's file, depriving him of his right to appeal, and that the Order to Report for Induction is therefore invalid. Mulloy v. United States, 398 U.S. 410, 418, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). The conviction is accordingly reversed.

The court expresses its appreciation to Attorney Edward W. Harris, III, of the Indiana Bar, for his dedicated service as court-appointed counsel for defendant Garvin.

then decides the sincerity question after reopening and makes a *de novo* classification which carries a right of administrative appeal. United States v. Freeman, 388 F.2d 246 (7th Cir. 1967). There is no appeal to the district court.