UNITED STATES of America,
Plaintiff,

v.

Lenhard Michael KRUEGER, Defendant.

No. 70 CR 40.

United States District Court,
N. D. Illinois, E. D.

March 18, 1971.

See also D.C., 319 F.Supp. 225.

William J. Bauer, U. S. Atty., Chicago, Ill., for plaintiff.

Richard K. Means, Chicago, Ill., for defendant.

## DECISION ON THE MERITS

ROBSON, Chief Judge.

The defendant Lenhard Michael Krueger is charged with refusing to submit to induction into the armed services, in violation of 50 U.S.C.App. § 462. After a trial on the merits, this court finds the defendant not guilty as charged in the indictment.

On July 18, 1969, the defendant was classified 1-A by Indiana Local Board No. 71. On October 10, 1969, the local board ordered the defendant to report for induction on November 6, 1969. However, on October 23, 1969, the defendant informed his local board that since the issuance of the induction order he had become a conscientious objector, and he desired to undertake immediate civilian alternative service. The following day, the local board postponed the defendant's induction and sent him the Special Form for Conscientious Objectors (SSS Form 150). The defendant completed and returned SSS Form 150 on November 25, 1969, the day on which he also appeared for a "courtesy interview" before the local board.

The defendant attached to his SSS Form 150 an eight-page, typewritten description of the development and crystalization of his beliefs with respect to his conscientious objector claim. He stated, in part, as follows:

"  *   *   *   I do not believe that I have been given the right by my Creator to destroy the lives of other human beings thru [sic] war, thereby depriving them of their own spiritual realization and literally undoing the work of God.

"As stated in the 'Claim for Exemption' above, I cannot in conscience participate in any way in the armed forces, but I am entirely willing to do whatever may be asked of me in the way of civilian alternate service. I believe that I have an obligation to serve my country, and that I can best serve it without violation of my conscience in that manner.

\* \* \* \* \* \*

"I cannot in conscience participate in the functions of an organization whose purpose is the impersonal destruction of human life in any form, regardless of the capacities in which I would be serving. I feel that by my conscious participation in such an organization, I would be contributing to the death of other individuals by implication.'" Defendant's Exhibit 8, pp. 2 and 6.

The defendant also submitted a list of witnesses who had knowledge of his sincerity with respect to his professed beliefs. Letters were sent to the local board by these persons on the defendant's behalf.

On the same day it received and reviewed the defendant's SSS Form 150, the local board dismissed his conscientious objector claim on the grounds that the "information submitted did not warrant reopening" of his classification. Government's Exhibit I–H. In refusing to reopen the defendant's classification in order to consider his conscientious objector claim, the local board apparently relied upon 32 C.F.R. § 1625.2.[1] In any event, the local board did not state any fact or reason in support of its summary rejection of the defendant's claim. The defendant was ordered to report for induction on December 2, 1969. He reported but refused to submit to induction.

The defendant's SSS Form 150 stated a *prima facie* conscientious objector claim. He claimed conscientious opposition to participation in war in any form [50 U.S.C.App. § 456(j)], and his beliefs occupied in his life "a place parallel to that filled by the God of those admittedly qualifying for the exemption." United States v. Seeger, 380 U.S. 163, 176, 85 S.Ct. 850, 859, 13 L.Ed.2d 733 (1965). Moreover, the defendant's claim appeared on its face to "stem from [his] moral, ethical or religious beliefs about what is right and wrong" and he appeared to hold those beliefs with the strength of traditional religious convictions. Welsh v. United States, 398 U.S. 333, 340, 90 S.Ct. 1792, 1796, 26 L.Ed.2d 308 (1970). *Cf.*, United States v. Rink, 430 F.2d 647 (7th Cir. 1970); United States ex rel. Conrad v. Hoffman, et. al., 435 F.2d 1273 (7th Cir.1970); United States v. Stolberg, 346 F.2d 363 (7th Cir. 1965).

It is now the law of this Circuit that when a selective service registrant submits a *prima facie* conscientious objector claim maturing after issuance of an induction order, the local board must reopen the registrant's classification and determine his sincerity in making the claim. United States v. Garvin, 438 F.2d 1054 (7th Cir.1971); United States v. Nordlof, 440 F.2d 840 (7th Cir. 1971). The failure of the local board to reopen the defendant's classification in order to properly consider his conscientious objector claim was erroneous. The consequent order to report for induction was therefore invalid. Mulloy v. United States, 398 U.S. 410, 418, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970); United States v. Shermeister, 425 F.2d 1362 (7th Cir. 1970). The remaining multiplicious claims asserted by the defendant at trial need not be reached.

It is therefore ordered that the defendant's motion for a judgment of acquittal be, and it is hereby granted.

It is further ordered that judgment upon a finding of not guilty as charged in the indictment be, and it is hereby entered.

---

1. 32 C.F.R. § 1625.2, in pertinent part, provides:

"\* \* \* the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction \* \* \* unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."