UNITED STATES of America, Plaintiff-Appellee,

v.

Daniel Michael MAGNUSON, Defendant-Appellant.

No. 71–1616.

United States Court of Appeals, Seventh Circuit.

Argued April 12, 1972.

Decided June 12, 1972.

Rehearing Denied July 24, 1972.

Robert J. Gorman, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Mary L. Sfasciotti, John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before DUFFY, HAMLEY,* and CUMMINGS, Circuit Judges.

HAMLEY, Circuit Judge.

Daniel Michael Magnuson appeals from his conviction for failure to report for induction, in violation of 50 U.S.C. App. § 462.

Magnuson became a registrant of Local Board 214, Rockford, Illinois, on May 25, 1965. On January 17, 1968, he was classified I–A. This classification was sustained on appeal. On April 8, 1968, Magnuson reported for a physical examination and was found fully acceptable. On March 20, 1968, he was ordered to report for induction on June 10, 1968, but failed to report. He was indicted for this offense. On April 9, 1970, at the trial on this charge, the district court suspended the trial, ordered that Magnuson complete and file a conscientious objector form (SSS Form 150) which he had previously obtained, and ordered Magnuson's local board to reopen his classification. The district court did not dismiss the prosecution.

Magnuson filed his conscientious objector application with the local board on May 1, 1970. The local board grant-

---

* The Honorable Frederick G. Hamley, United States Circuit Judge of the Ninth Circuit, sitting by designation.

ed him a personal interview but, on May 13, 1970, advised him that it refused to reopen his classification. On October 7, 1970, defense counsel advised the district court that the local board had refused to reopen the classification.

The district court thereupon ordered the secretary of the local board and the Assistant United States Attorney who was in charge of the case, to appear before the court with the complete file on October 21, 1970, to determine what type of hearing Magnuson had been granted. On October 12, 1970, the Government moved to dismiss the indictment, and the motion was granted. The local board reviewed Magnuson's file again and on November 6, 1970, concluded that reopening of the classification was not justified.

On November 17, 1970, by a letter-order, the board ordered Magnuson to report for induction on December 8, 1970. He failed to do so and was indicted for the latter offense. Magnuson was tried before another district judge and convicted on this charge and now appeals.

Magnuson argues that: (1) the district court order of April 9, 1970, collaterally estopped the local board from refusing to reopen Magnuson's I–A classification; (2) if the board had reopened the classification, a new classification would have resulted which would have been subject to the rules of the new lottery system promulgated September 26, 1970; and (3) under the lottery system and in view of Magnuson's birth date, Magnuson's lottery number, 208, was not subject to call on December 8, 1970, the

date specified in the second induction order.

We analyze the problem somewhat differently. At the original trial the district court apparently wanted to give Magnuson an opportunity to file a conscientious objector claim and have it considered by the board, notwithstanding the fact that no such claim had been filed prior to issuance of the induction order. But since the district court did not then dismiss the indictment, it must have entertained the view that, in the event the board, after considering the claim, properly concluded not to award Magnuson conscientious objector status, defendant's failure to report on June 10, 1968, would be punishable.

■■■ While the district court, if so motivated, did not, by the described order, intend to acquit Magnuson on the first charge, we think that was the legal effect of the order. Since the district court determined (rightly or wrongly)[1] that events subsequent to issuance of the induction order warranted a reopening of the classification, the previous induction order thereby became inoperative, and even if the board upon consideration properly refused to grant conscientious objector status, a new induction order would have to issue.

■■■ Thus the first induction order was not viable as a predicate for the letter-order of November 17, 1970, ordering Magnuson to report for induction on December 8, 1970.[2]

It follows that the validity of the letter-order of November 17, 1970, which is

---

1. A district court has jurisdiction to acquit because a local board should have, but did not, reopen a classification. United States v. Garvin, 438 F.2d 1054 (7th Cir. 1971). But the court is without jurisdiction to order the local board to reopen a classification, as such determination rests exclusively within the sound discretion of the Selective Service officials. See 32 C.F.R. §§ 1625.2–1625.4. Moreover, a local board is without authority to reopen a classification after issuance of a viable induction order, unless it could and did specifically find that there had been a change in the registrant's status

resulting from circumstances over which registrant had no control. 32 C.F.R. § 1625.2; Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971). But since the United States has no right of appeal, it cannot complain of such matters in this court.

2. In addition, we note that, since the district court order had the legal effect of acquitting Magnuson on the first charge, a second prosecution based upon the continuing effect of the original induction order would present an insurmountable double jeopardy problem.

the basis for the prosecution now before us, must be judged independently of the original induction order of March 20, 1968. Assuming that the November 17, 1970 letter-order was a duly authorized order of the local board, it still falls because of its noncompliance with Presidential Executive Order 11563, 3 C.F.R. 174 (1970 Comp.) and Selective Service Memorandum No. 99 as amended September 26, 1970, establishing a lottery system. Because he was born on April 30 (1947), Magnuson had lottery number 208 for 1970. As of December 8, 1970, when he had been ordered to report under the letter-order of November 17, 1970, lottery number 208 was not subject to call.

Reversed and remanded with directions to dismiss the indictment.