James Edward **BRESETTE**, Plaintiff-Appellant,

v.

Col. Clinton **KNUTSON**, etc., and Selective Service System, Local Board #35, etc., Defendants-Appellees.

No. 18755.

United States Court of Appeals, Seventh Circuit.

May 26, 1971.

Robert E. Sutton, Samson & Nash, Milwaukee, Wis., for plaintiff-appellant.

David J. Cannon, U. S. Atty., Terry E. Mitchell and Steven C. Underwood, Asst. U. S. Attys., Milwaukee, Wis., for defendants-appellees.

Before HASTINGS, Senior Circuit Judge, KILEY, and CUMMINGS, Circuit Judges.

PER CURIAM.

This appeal is from the denial of a preliminary injunction against plaintiff's induction into the Armed Forces.

On October 20, 1969, plaintiff was reclassified from student deferment status to I-A. Without claiming that he was a conscientious objector, plaintiff appealed from the new classification, and on February 11, 1970, the appeal board affirmed by a 4–0 vote.

On May 8, 1970, plaintiff sent the following critical letter (dated May 3) to his local board, which received it on May 11:

"In light of new reflections on your latest letter of reply to my statements I am writing this to demand the right that I previously had requested and was denied. I refer to my petition of appeal to the state representatives of the Selection Service System. To the best of my investigations, I am to be granted a hearing by a state appeals board after a verdict, has been determined by the local board.

"It is most relevant that a proper hearing be held into the case as developments previously not applicable now reflect very influential circumstances around my particular case.

"In honest retrospect I must analogize more than a conciencious objection to the tyranny of your system and the unjust deaths that it enacts. This factor of concencious had no previous bearing as my educational intentions overseared my involvement. I feel I must be granted a stand to speak my intent. For in no manner do I intend to bend to a system that does not afford me the personally guaranteed life, liberty and pursuit of happiness, Nor a system that violates a religious moral that I can draw no analogy to overseer. That being, 'Thou Shalt Not Kill'. To this moral I saw no amendment or ademdem stating with the exception that it is approved by Mr. Tarr and his Selective Service System. Such emotions and sentiments make my plea for an appealate hearing more than a necessity.

"In your reply I would appreciate more than your regular constructionalism and hostile format. I would encourage truth and a bit of humanity. Please remember at best I am a human being and at least a number. At this moment I appeal to be taken at the most.

"I will await your reply and then seek further consultation on it's merit.

"Sincerely in Peace,
/s/    J. E. Bresette
J. E. BRESETTE

"Remember K E N T"

On May 11, the local board remailed plaintiff an order for his induction on May 26th.* Also on May 11, the local board's executive secretary wrote Wisconsin State Headquarters of the Selective Service System asking whether he should be mailed conscientious objector Form 150.

On May 13, after receiving his orders for induction, plaintiff telephoned the

---

* The induction order was originally mailed to plaintiff at his old address on May 6th and was returned to the board by the Post Office on May 11th, marked "Addressee Unknown."

local board and asked it to mail him a Form 150. The local board did so on May 13 after telephoning Wisconsin State Headquarters. On May 14, the local board received a letter from the Wisconsin State Headquarters returning plaintiff's file and suggesting that the local board postpone his induction for 30 days and mail him the Form 150. The completed Form 150 was returned on May 20.

On May 21, the local board invited plaintiff to appear before it for a June 25 "courtesy interview" as to his conscientious objector claim. On that occasion plaintiff presented a letter stating that he had paid a fee at the University of Wisconsin Marathon Campus in order to qualify as an eligible student for the summer session. The letter did not mention any conscientious objector claim. After his interview and consideration of his Form 150, the board advised plaintiff that it "found no change in * * * [his] status over which * * * [he] had no control" under Section 1625.2 of the Selective Service regulations. 32 CFR § 1625.2.

On July 2, plaintiff's counsel wrote Wisconsin State Headquarters and the local board asking the local board to re-open his classification "on the basis of the information submitted by him since May 11, 1970, directed to his sincere convictions that he is conscientiously opposed to combatant training and service in the Armed Forces * * *." The Selective Service System advised plaintiff's counsel on July 9 that the local board properly refused to reopen the case because plaintiff had not furnished any new information establishing a *prima facie* claim to his conscientious objector deferment prior to the issuance of his induction order. A few days thereafter, the present complaint was filed seeking declaratory and injunctive relief. On July 24, after a hearing, the district court denied plaintiff's motion for a preliminary injunction on the ground that plaintiff's above-quoted letter was not an application for conscientious objector classification, so that the

local board had no duty to reopen his case. We affirm.

A Selective Service regulation bars reopening of a registrant's classification

> "after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." 32 CFR § 1625.2.

In Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625, the Supreme Court held this regulation properly applied to bar local board reopening of a claim for conscientious objector reclassification presented after the mailing of an induction notice. Consequently, the only issue raised by this appeal which we need consider is whether, prior to the May 11 mailing of his induction notice, plaintiff presented to his local board

> "nonfrivolous allegations of facts that have not been previously considered by his board, and that, if true, would be sufficient under regulation to warrant granting the requested reclassifications * * *." Mulloy v. United States, 398 U.S. 410, 416, 90 S.Ct. 1766, 1771, 26 L.Ed.2d 362.

■ Section 6(j) of the Universal Military Training and Service Act (50 U.S.C. App. § 456(j)) exempts from "combatant training and service" any registrant

> "who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. As used in this subsection, the term religious 'training and belief' does not include essentially political, sociological, or philosophical views, or a merely personal moral code."

In order to establish a *prima facie* claim, the registrant must present factual allegations sufficient for the local board to determine the depth, nature, and extent of his convictions regarding military service. His assertions must establish "that conscientious scruples

182

relating to war and military service * * * amount to conscientious opposition to participating personally in any war and all war." Gillette v. United States, 401 U.S. 437, 443, 91 S.Ct. 828, 832, 28 L.Ed.2d 68. Objection to a particular war, or even objection to military service as such, is insufficient. The registrant must also demonstrate that his opposition rests upon deeply held moral, ethical, or religious beliefs which form the foundation of conscience. His assertions must accordingly distinguish the character and basis for his opposition from that which is grounded on beliefs not deeply held and from that which, though deeply felt and stemming from earnest beliefs, "rests solely upon considerations of policy, pragmatism, or expediency." Welsh v. United States, 398 U.S. 333, 342–343, 90 S.Ct. 1792, 1798, 26 L.Ed.2d 308.

█ Plaintiff's claim to reopening of his draft classification rests entirely on the contents of the third paragraph of his letter of May 3, mailed May 8, and received by the local board on May 11. That letter, however, falls far short of presenting the necessary factual assertions concerning the registrant's own beliefs and convictions. They are, as plaintiff himself stated, the "emotions and sentiments" of embittered disillusion and defiance. The letter contains no expression of opposition to any and all forms of war. Nor does it state the beliefs upon which the conscientious objections of plaintiff are based. Even the most liberal construction of his remarks fails to support a sufficient statement of facts to warrant his reclassification. Cf. United States v. Hasmuk, 419 F.2d 929, 930 (7th Cir. 1969). At most the letter called for forwarding plaintiff a Form 150 by which to assert a claim for deferment. This was precisely the response made by the local board.

The judgment of the district court denying plaintiff's request for injunctive relief is affirmed.