**James Edward BRESETTE, Plaintiff,**

**v.**

**Col. Clinton KNUTSON, Director, Selective Service System of Wisconsin, and Selective Service System, Local Board #35, Antigo, Langlade County, Wisconsin, Defendants.**

**No. 70–C–387.**

United States District Court,
E. D. Wisconsin.

Aug. 6, 1971.

---

Samson & Nash by Robert E. Sutton, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty. by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the complaint. The court established a briefing schedule pursuant to which the movants' brief was due on June 28, 1971; it was timely filed. Mr. Bresette's brief was to have been submitted by July 19, 1971, but it has not been received by the court.

The complaint in this case seeks pre-induction judicial review of Mr. Bresette's order from his local draft board to report for induction on July 16, 1970. After this court denied his application for a preliminary injunction, an appeal was taken to the court of appeals; the latter court affirmed this court's denial of the request for injunctive relief in a per curiam opinion 443 F.2d 179 (1971).

The court of appeals relied upon Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625, which held that a local board need not reopen a registrant's classification submitted after his induction notice had been sent—unless the board finds that a change in the registrant's status resulted from circumstances over which he had no control. 32 C.F.R. § 1625.2(b). See also the very recent ruling of the court of appeals for the seventh circuit in United States of America v. Jones, 447 F.2d 589, decided July 21, 1971.

In view of *Ehlert* and *Jones*, cited above, the petitioners' reliance upon Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), would appear to be misplaced. There the United States Supreme Court held that a board had a duty to reopen and examine a claim for conscientious objection which was filed *before* an induction order was sent.

In my opinion, Mr. Bresette is impaled upon the provisions of the Military Selective Service Act of 1967, which, in § 10(b) (3), provides that "No judicial review shall be made of the classification or processing * * *" until after a registrant has "responded either affirmatively or negatively to an order to report for induction * * *." Since Mr. Bresette had not reached that stage of the proceedings as yet, he is not now entitled to have his classification reviewed in this court. Oestereich v. Selective Service System Local Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968); Breen v. Selective Service Local Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970).

The two foregoing cases establish that where a board's denial of a deferment is a clear departure from the statutory mandate, judicial review may be had. In view of the ruling of the court of appeals for this circuit in connection with Mr. Bresette's application for a preliminary injunction, it is not reasonably arguable that the board's order for induction violated a clear-cut statutory mandate. In my opinion, the plaintiff is not entitled to judicial review on the claim referred to in his complaint on a pre-

induction basis. Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968).

Now, therefore, it is ordered that the defendants' motion for an order dismissing the complaint be and hereby is granted. It is also ordered that the plaintiff's action be dismissed upon its merits.