**UNITED STATES of America,
Plaintiff,**

v.

**Ralph LeRoy CROWDER, Defendant.**

**No. 4–71 Cr. 37.**

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 3, 1971.

Robert G. Renner, U. S. Atty. by Thorwald H. Anderson, Asst. U. S. Atty., for plaintiff.

Kenneth E. Tilsen, St. Paul, Minn., for defendant.

NEVILLE, District Judge.

Defendant registered under the Selective Service Act at Local Board No. 13-128, Des Moines, Iowa on March 29, 1965. He received variously I-A and II-S (Student) classifications until August 14, 1969 when he was last classified I-A. October 10, 1969 he was mailed an order to report for induction on November 12, 1969. The induction date was subsequently postponed and on June 5, 1970 he received an order for a transferred man to report for induction at Minneapolis on June 15, 1970. Though he reported to the Induction Center some delay occurred and it was not until June 17, 1970 that he actually refused induction. There is no question in the court's mind but that defendant knowingly and wilfully refused to submit to induction. The effort of the defendant is to challenge the validity of his order for induction on the ground that the local board failed to accord him all of his procedural rights as required by due process.

It appears from the file that on September 22, 1969, some 18 days prior to the issuance of the order to report for induction, associate professor Allan H. Spear of the University of Minnesota, College of Liberal Arts, addressed the Board by letter advising:

"Mr. Crowder is currently employed as a teaching assistant in our department while he is working toward the Ph.D. degree in history. * * *

Mr. Crowder's position with us is a special one and his services to the University are far more critical than those of the average teaching assistant. He is one of the very few assist-

ants with background in African and Afro-American history and he will be playing a crucial role in our development of these new and highly specialized fields * * *. To lose him now would be a major setback to the department and the University."

It is defendant's position that since this letter requests a II–A teaching deferment, and since under the rules and regulations application for such classification can be made either by the registrant or someone on his behalf, 32 C.F.R. § 1625.2 [1], that upon receipt of this letter which was prior to the notice of induction the board should have considered the request Id. § 1622.1(c) [2] It is clear from the record and from defendant's selective service file that the Board never did act upon the request involved in this letter but the clerk of the board 18 days later merely issued the order for induction.

Several other letters appear in the file from the University attesting to Mr. Crowder's value as an instructor, although these were received after issuance of the notice of induction. One or some of these refer to registrant's activities as "teaching part-time in the Department of History and part-time in the Afro-American Studies Department * * * divided between the lower division survey of American history and the survey of Afro-American literature course." Defendant himself sent a let-

ter to the Board under date of October 13, 1969 advising that he was a full-time graduate student and "I am teaching in the University's Departments of History and Afro-American Studies."

In response to this defense the government cites Local Board Memorandum (LBM) No. 96 issued April 25, 1968, rescinded June 22, 1970 which reads as follows:

"A full-time graduate student shall not be considered for occupational deferment because he is engaged in teaching part-time."

This was promulgated following the abolishment of graduate student deferment and apparently was intended to disqualify one who was such but merely did an incidental amount of part-time teaching. Full time teaching where critical or necessary still remained as discretionary grounds permitting the Board to grant a deferment (32 C.F.R. § 1622.-22 *et seq.*) The government claims, however, that (LBM No. 96) renders moot the question for, even if the board had considered registrant's request for a II–A classification, it could not have granted it under this regulation. The court does not so find.

■■ Granted that it is a fact question as to whether registrant was a full-time or part-time teacher, and granted that it was a fact question as to the necessity or critical nature of his activities, in the court's view the board

1. 1625.2 When Registrant's Classification May Be Reopened and Considered Anew. —The local board *may reopen* and consider anew the classification of a registrant (a) *upon the written request* of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or *any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified*, which, if true, would justify a change in the registrant's classification; or (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true,

would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control. [Emphasis added]

2. 1622.1 Subd. (c) provides in part: " * * * The *local board will* receive and *consider* all information pertinent to the classification of a registrant presented to it." [Emphasis added]

should have reopened defendant's case upon receipt of the preinduction request and made a determination as to these facts. It did not. The Board might, of course, have found that the registrant was only a part-time teacher and that his principal activities were devoted to graduate student endeavors, or conversely the Board might have found that he was carrying a full-time teaching load and that his position was necessary or critical. It made no such findings either way, however, and the court cannot escape the conclusion that the failure of the Board to reopen the defendant's classification was a violation of his procedural rights guaranteed him by due process under the Selective Service Act and the decisions of the courts.

In Mulloy v. United States, 398 U.S. 410, 416, 90 S.Ct. 1766, 1771, 26 L.Ed.2d 362 (1970), the court stated:

> "Where a registrant makes nonfrivolous allegations of facts that have not been previously considered by his board, and that, if true, would be sufficient under regulation or statute to warrant granting the requested reclassification, the board must reopen the registrant's classification unless the truth of these new allegations is conclusively refuted by other reliable information in the registrant's file. See United States v. Burlich [D.C.], 257 F.Supp. 906, 911. For in the absence of such refutation there can be no basis for the board's refusal to reopen except an evaluative determination adverse to the registrant's claim on the merits. And it is just this sort of determination that cannot be made without affording the registrant a chance to be heard and an opportunity for an administrative appeal."

See also United States v. Brady, (D. Mass. 1971), 3 SSLR 3126, where the court applied Mulloy to facts apparently similar to this case.

■■ It is clear to the court, and the court specifically so finds, that the letter from Professor Spear constituted "a nonfrivolous allegation of fact" which

if true, would have been sufficient to warrant granting the requested reclassification. As in Mulloy, there were, on September 22, 1969, no facts in the file which conclusively refuted the allegations of Professor Spear. Thus the failure of the clerk to present the request for reclassification to the board not only denied him an opportunity to present relevant facts to the board but also, as in Mulloy since the board did not reopen his classification, denied him his right to an appeal after reopening under 32 C.F.R. § 1625.13.