**UNITED STATES of America,**
**Plaintiff,**

v.

**James Miller JANNETTA, Defendant.**

**No. 4–71 CR. 242.**

United States District Court,
D. Minnesota,
Fourth Division.

April 3, 1972.

Robert G. Renner, U. S. Atty., by Elizabeth A. Egan, Asst. U. S. Atty., for plaintiff.

Kenneth E. Tilsen, St. Paul, Minn., for defendant.

NEVILLE, District Judge.

Defendant registered with his local board No. 62 August 11, 1964. After a series of II–S (Student) classifications, on June 10, 1968 he received a II–A teacher classification deferment by a vote of 5–0 by his local Board. On May 21, 1969 he was classified I–A by a vote of 5–0 which was subsequently affirmed on September 5, 1969 by an Appeal Board's vote of 4–0. On September 22, 1969 the local board issued an order to report for induction. By authority of the State Director, the defendant's induction was postponed first to January and subsequently to July, 1970.

During the period of the postponement the defendant was accepted by the Peace Corps and requested a deferment to teach in the Peace Corps in Afghanistan. He had applied more than a year previously and before his notice to report for induction was issued. On June 29, 1970, the defendant requested permission to file as a conscientious objector and on July 1, 1970 the defendant

filed Form 150, special form for conscientious objector and supporting documentation. The board determined there was no basis to reopen his classification. The defendant appeared at the induction center in Minneapolis on September 15, 1970, and refused to accept induction.

Defendant asserts four principal defenses: First, there was no basis in fact for the I–A classification of the local board on May 21, 1969. Second, the failure to state reasons for the actions of the local board of May 21, 1969, and the Appeal Board on August 26, 1969 requires an acquittal. Third, the granting of a postponement in effect was an admission that the local board erred in not granting the deferment. Fourth, the board had an obligation to meet and consider the defendant's request for a II–A occupational peace corps deferment. Since this court believes the fourth defense is dispositive, it will not be necessary to opine as to the other claimed defenses.

On March 12, 1970 the defendant wrote a letter to the local board which was received on March 16, 1970. He requested a II–A occupational deferment to join the Peace Corps, advising that his application made a year earlier had now been accepted. It appears from document 48(b) and (c) in the file, that the Clerk contacted the State Office and simply advised the defendant that, "There is no authority to reopen the classification to cancel the induction order." Counsel for defendant asserts that the Clerk usurped the function of the Board in determining that there was "no authority to reopen" without bringing the letter to the attention of the board and that the board could have found the granting of defendant's application to be a "circumstance over which the registrant had no control" under 32 C.F.R. § 1625.2.

■■■ Only the local board, and not the clerk or the State Selective Service has the duty and the right to determine whether or not the facts presented by the defendant were such as to require the board to reopen his classification and either grant or deny the deferment. This court cannot and does not presume to know what the board would have done had it been given the opportunity to consider the registrant's letter. It may have determined that no change in his classification was warranted, but because the registrant wrote a letter containing a non-frivolous request to reopen his classification, the board should have been allowed to consider the letter to determine whether it warranted further action, and not be acted upon only by the Clerk as in the case at bar. As the United States Court of Appeals for the First Circuit stated in United States v. Ford, 431 F.2d 1310–1313 (1st Cir. 1970):

"The district court cited Selective Service regulation 32 C.F.R. § 1625.2 which says that a local board 'may reopen and consider anew the classification of a registrant . . . based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification.' It observed that this was permissive, not mandatory . . . .

. . . That the board is given wide discretion whether or not to reopen a case is obvious. But it is far from obvious that a clerk should have the power to determine what the board should see as a basis for exercising its discretion. . . . If the reposing of discretion in the board is to have meaning and substance, it must be that the facts prerequisite to the exercise of judgment should come to its attention. We find such an analysis implicit if not explicit in Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).

. . . . . . .
. . . As we cautioned in United States v. Stoppelman, 406 F.2d 127, 130 (1st Cir. 1969), cert. denied 395 U.S. 981, 89 S.Ct. 2141, 23 L.Ed.2d 769, where we dealt with a far less pertinent communication, '. . . clerks file such communications without calling them to the board mem-

bers' attention at considerable risk to the validity of subsequent proceedings.' "

For the above reasons this court reaches the conclusion that the failure of the Clerk to submit the defendant's letter for the Board's consideration was a violation of defendant's procedural rights guaranteed him by due process under the Selective Service Act and the decisions of this court. See United States v. Crowder, 332 F.Supp. 251 (D. Minn.1971); United States v. Trepp, 332 F.Supp. 1331 (D.Minn.1971).

A separate order has been entered.