**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Brian Dale HASMUK, Defendant-
Appellant.**

**No. 17418.**

United States Court of Appeals
Seventh Circuit.

Jan. 6, 1970.

Joseph M. Bernstein, Milwaukee, Wis., for defendant-appellant.

David J. Cannon, U. S. Atty., Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before FAIRCHILD and KERNER, Circuit Judges, and STECKLER, District Judge.*

KERNER, Circuit Judge.

Defendant, Brian Hasmuk, was indicted for failing to report for civilian work

---

* Chief Judge William E. Steckler is sitting by designation from the United States District Court for the Southern District of Indiana.

after being classified as a conscientious objector in Class I–O, in violation of 50 U.S.C. App. § 462. The district judge found defendant guilty and sentenced him to two years imprisonment. From this conviction, defendant appeals.

Defendant was registered under the Selective Service Act with Milwaukee County Local Board Number 42. He requested classification as a conscientious objector and stated that besides working as a shipping clerk, he was preparing for service as a Jehovah's Witness by devoting 20 hours a month to biblical studies and two hours per week to door to door preaching. On July 18, 1965, defendant was classified I–O, conscientious objector. Subsequently, defendant received a pre-induction physical examination to determine his acceptability for military service and was found unacceptable because of low scores on the mental qualification tests. His Board classified him I–Y but he was reclassified I–O when the standards for a I–Y classification were changed.

The Board on July 7, 1966, sent the defendant a letter listing three types of civilian employment which could be performed instead of serving in the armed forces. In response, the Board received two letters: one from Hasmuk's Congregation Overseer which said that the defendant was spending 75 hours a month as a Jehovah's Witness and that the defendant "looks forward to serving as a full-time minister;" and one from Hasmuk himself which stated:

Milwaukee Co. Local Bd. 42
Selective Service System
235 West Wells St.
Milwaukee, Wis. 53203

July 12, 1966

Dear Sirs:

With do respect I am writing to let you know my stand for my belief, and the Bibles laws that I must live up to as a Christian. As with all dedicated witnesses of Jehovah, I am against any form of war, this also includes civilian work that is offered to me by the efforts of the selective service board.

I would like to request a meeting with the members of my board, so I can explain better my stand as a Christian minister. This way I can show you my teachings from the Bible, and the scriptures, I as a Christian minister must respect as Jehovah's God's laws.

I plan to start my life long goal of being a regular full time minister of 100 hours a month. The work that I have dedicated my life which is a command found at (Matt. 24:14).

Sincerely Yours
/s/ Brian Hasmuk
Brian Hasmuk

Appellant's local Board construed this letter as a refusal "to accept any type of work." State Headquarters of the Selective Service System, however, interpreted the letter as a request for a personal appearance and advised the Board that said request was untimely under Section 1624.1 of the regulations.

Appellant contends that the construction of his letter as an untimely request for a personal appearance was error. Appellant claims that the Board should have construed his letter as a request to reopen his classification and should have granted him a IV–D classification, minister of religion.

■■ While we strongly agree with appellant's premise that the local Boards should liberally construe all registrants' communications, see United States ex rel. Berman v. Craig, 207 F.2d 888, 891 (3d Cir. 1953), under the most liberal construction, appellant's letter is not sufficient to constitute a request for a reopening of his classification.

Appellant's letter of July 12, 1966, does not specifically request a reopening of his classification nor does it request a minister of religion classification. In the absence of either of these requests, the only circumstances under which the Board should have construed appellant's letter as a request to reopen his classification would be if appellant's letter established a *prima facie* case for a new classification. *Cf*. United States v.

Freeman, 388 F.2d 246 (7th Cir. 1967). If appellant's letter established a *prima facie* case for a new classification, it would then follow that the local Board should have been aware that the letter was intended as an implied request for a new classification and construed it as such.

Even under the most liberal interpretation of appellant's letter, however, appellant failed to establish a *prima facie* case for a new classification, i. e., IV–D, minister of religion. A "regular minister of religion" is entitled to an exemption both from military and civilian service. 50 U.S.C. App. § 456 (g). Section 16(g) (2) and (3) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 466(g) (2) and (3) defines a regular minister of religion as follows:

(2) The term "regular minister of religion" means one who as his customary vocation preaches and teaches the principles of religion of a church, a religious sect, or organization of which he is a member, without having been formally ordained as a minister of religion, and who is recognized by such church, sect, or organization as a regular minister.

(3) The term "regular or duly ordained minister of religion" does not include a person who irregularly or incidentally preaches and teaches the principles of religion of a church, religious sect, or organization and does not include any person who may have been duly ordained a minister in accordance with the ceremonial, rite, or discipline of a church, religious sect or organization, but who does not regularly, as a vocation, teach and preach the principles of religion and administer the ordinances of public worship as embodied in the creed or principles of his church, sect, or organization.

The Supreme Court interpreting this provision held that a regular minister is not one who preaches and teaches on a part-time basis. Dickinson v. United States, 346 U.S. 389, 395, 74 S.Ct. 152, 98 L.Ed. 132 (1953). Rather, his duties must be performed regularly. Further, the Court held that the burden was on the registrant to show that he is entitled to the exemption.

Appellant's July 12, 1966, letter to the Board reveals that he intended to become a full-time minister but was at present a part-time minister. Since as a part-time minister the appellant would not be entitled to a IV–D classification, appellant's letter did not state a *prima facie* case for a new classification.

Consequently, we find that since appellant's letter did not specifically request a reopening of his classification, nor request a IV–D full-time minister deferment, nor make a *prima facie* showing for such deferment, the local Board's construction of the letter, at the direction of the State Headquarters, as an untimely request for a personal appearance and not a request for a reopening of his classification was not erroneous.

Affirmed.