**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gene James SHERMEISTER, Defendant-
Appellant.**

No. 17482.

United States Court of Appeals
Seventh Circuit.

Jan. 21, 1970.

Rehearing En Banc Denied
May 26, 1970.

Harry F. Peck, Jr., Milwaukee, Wis., for appellant.

David J. Cannon, U. S. Atty., Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before MAJOR, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

The district court, without a jury, convicted defendant of willfully refusing to submit to induction into the armed forces in violation of the Universal Military Training and Service Act.[1] He has appealed. We reverse.

Defendant was originally classified I–A by his local draft board in 1964. Thereafter, in October of 1964, he was granted a II–A occupational deferment, and in 1965 a II–S student deferment. In 1966, after he left school, he was again classified I–A and this classification was affirmed by the appeal board in March, 1967, despite defendant's efforts to renew his occupational deferment. He was ordered to report for induction on May 25, 1967. On May 2, 1967, he filed Form 150, special form for conscientious objectors, which was considered by the board on May 18, 1967, when it refused to reopen his classification. Defendant was notified of the board's adverse decision regarding that Form. The state director then postponed defendant's induction until the June call.

On May 25, 1967, defendant obtained a second Form 150. On June 7, the board again reviewed defendant's file, found no change, and notified him of this decision. On June 26—one day prior to his induction date—he filed the second Form 150. At the time of this filing, the clerk of the local board was unable to reach the board members, and turned to the state director for instruction. She was told to read Selective Service Regulation Sec. 1625.2 to the defendant at the induction center the next

day, and did so. That Section provides in part:

> * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.

The defendant refused to submit to induction, was indicted, tried and convicted.

Defendant's principal contention here is that the local board never *considered* his second Form 150, nor informed him of any action in response thereto, and thereby denied him due process of law. The district court found that although the second Form 150 was not considered by the board before the defendant refused induction, the clerk did act reasonably under the circumstances of a late submission, and the board did consider the second Form 150 August 16, 1967, after defendant's indictment, and determined no action was necessary. Further, the court determined that the second Form contained substantially the same assertions as the first filed Form 150, so that a reclassification, in any event, was not justified. We believe the district court erred in holding that the local board had considered defendant's request to reopen, and we hold that the defendant's conviction should be reversed. We agree with defendant that the district court had no power to itself consider the submitted second Form 150, and to pass on the merits of that request to reopen. A court has no place in the classification process. United States v. Freeman, 388 F.2d 246, 250 (7th Cir. 1967). We shall treat the finding as to the merits as surplusage. We think that defendant is correct in his contention that his sec-

1. 50 App. U.S.C. § 462.

ond Form 150 was not considered by the board, and that his file does not show that he was accorded "procedural safeguards crucial to the maintenance of basic fairness." United States v. Freeman, *supra* at 248.

 Selective Service Regulation 32 C.F.R. § 1625 provides in part that "no classification is permanent"; that "the local board may reopen and consider anew the classification of a registrant if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification." This Section also provides that in a case where an order to report for induction has been issued, a classification will not be reopened unless there has been a change in a registrant's status due to circumstances over which he had no control. Finally, if a request to reopen has been filed, and the board decides that the information accompanying the request does not represent new facts warranting a reopening, it shall advise the person filing the request of the refusal to reopen, and shall place a copy of the letter sent in the registrant's file. We read this Section as requiring, as an element of a registrant's due process rights, that the local board at least consider the facts presented in a request to reopen. We do not find that such a procedure was complied with in this case.

The government contends that defendant's file was reviewed by the board on August 16, 1967, and the request to reopen was considered at that time. The file before us carries the following notation:

> 8–16–67. Bd. informed of return of file; no action necessary Yes (4) No (0).

There is no record that the board notified defendant what the board did, no copy of a letter in the file advising him "that the information submitted does not warrant the reopening." If a copy of such a letter were in the file, "no

other record of the * * * request and the action taken thereon" would be required. 32 C.F.R. § 1625.4. But here no letter was sent; as the file shows, "no action" was taken.

The clerk of the local board gave no testimony that the board had considered defendant's second Form 150. It is reasonable to presume from this lack of testimony—in the light of the state director's instruction to the clerk the day before defendant was due to be inducted, and her reading of the Regulation the next day—that neither the clerk nor the board deemed it necessary to do anything further. The file shows certain post-indictment activity of the board on August 16, 1967, by the notation mentioned above. The district court, with nothing before it but this file notation, inferred in its opinion that on August 16 the board "reviewed the second Form 150 and determined that no action was necessary." However, the transcript shows that during a colloquy with defendant's counsel the court stated that the board did not consider the second Form 150. (See transcript at 181.) There is nothing in the record to show that the board notified the defendant of its refusal to reopen his classification. There is only the language of the notation itself. The district court erred in drawing the inference that the board did consider the second Form 150. This was prejudicial error which resulted in effectually vitiating a substantial constitutional defense.

It may be thought that on the facts of this case we should presume, on the basis of the regularity of board proceedings, that the board did what it was required to do on August 16. This court in United States v. Isenring, 419 F.2d 975, recently held that where the record is barren of any evidence as to whether the local board had considered defendant's request to reopen, the presumption in favor of the regularity of board proceedings operated to deny defendant's contention that the board had not considered his request. The difficulty is that in this *Shermeister* case the board's record works against this presumption.

The record says, in effect, that the board voted unanimously to take "no action" on the belated request. We hold that the presumption of regularity is clearly rebutted by this statement in the record. *Cf.* Yeoman v. United States, 400 F.2d 793, 797 (10th Cir. 1968).

We cannot weigh the merits of the defendant's request, and we cannot accept the government's argument which speculates upon why no board action was "necessary." Nor can we presume that the board would deny the request as it had previously done on May 17 and June 7 when it considered the first Form 150 and found on facts similar to those in the second Form "no change of status resulting from circumstances over which the registrant had no control." Had the board decided to reopen the classification, such a reopening would treat the registrant's case like an original classification.[2] Even if his reclassification was denied, he could have appealed the denial. The effect of "no action" on the second Form 150, then, could have effectually denied his right of appeal. Olvera v. United States, 223 F.2d 880, 883 (5th Cir. 1955); United States v. Freeman, 388 F.2d 246, 249 (7th Cir. 1967).

We disregard as patently insufficient to satisfy due process the action of the clerk of the board and the state director in what they seem to have regarded as an emergency created by the request made on the day prior to induction. In view of Section 1625.2, there was no need for the clerk to give such emergency treatment to the defendant's request. That Section will allow even post-induction day consideration of these requests. The wisdom of the Section is clear; it recognizes that registrants should not be allowed to delay the induction process by continually filing late requests for reconsideration, and that board members cannot devote all their time to suit either the conveniences or lapses of registrants by always being available for last-minute meetings. On the other hand, Section 1625.2, by providing for proper consideration of these late requests, recognizes the law's concern for the sanctity of a registrant's conscience, and the fundamental proposition that a defendant in a federal criminal case must not only be proven guilty beyond a reasonable doubt but in full compliance with the due process clause of the Fifth Amendment.

The government also argues that defendant failed to file the second Form 150 within ten days of when it was received from the board; thus, according to the instructions on the Form, he may be held to have waived his claim as a conscientious objector. We see no merit in this waiver argument because Section 1625.2 presupposes that local boards may reopen classifications even after orders for induction have been mailed. Registrants will not stall the induction process by making these late requests, as the board can properly consider them after the induction date if necessary. Further, in contending that the board did in fact consider the request on August 16, the government renders insubstantial its claim that defendant waived such a consideration.

We hold that the record fails to show that defendant was accorded due process in the treatment of his second Form 150. We need reach no other point raised.

The court expresses its appreciation to Mr. Harry F. Peck, Jr., of the Wisconsin Bar, for his services as court-appointed counsel.

Reversed.

---

2. "The key difference between a refusal of a Board to reopen a classification, and the granting of reopening followed by a denial of the requested classification, is in the requirement that if the request to reopen is granted the Board must classify the registrant 'in the same manner as if he had never before been classified' 32 C.F.R. 1625.11; and must 'mail notice thereof on Notice of Classification (SSS No. 110) * * * and on Classification Advice (SSS No. 111) [to the registrant] * * *.' 32 C.F.R. 1625.12." United States v. Freeman, 388 F.2d 246, 249 (7th Cir. 1967).

FAIRCHILD, Circuit Judge (dissenting).

It seems to me that we are imposing too refined a standard upon the board under the circumstances of this case. I have examined the two Forms 150 which Shermeister filed. I think that the court may, and under these circumstances should, do so. The form filed May 2 and supplemented May 8 set forth extensively Shermeister's belief and reasons for believing that United States activity in Viet Nam is wrong. The form filed June 26 did little if anything more than restate the earlier expression of this view. Because he presented no new fact nor any really different claim, I can not find a deprivation of right in the board's decision, "no action necessary".

Any defense, in my view, would have to rest upon the proposition that Shermeister's claim entitled him to the benefit of United States v. Sisson (D.Mass., 1969), 297 F.Supp. 902.