**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Everett Laverne AYRES, Defendant-Appellant.**

**No. 18328.**

United States Court of Appeals,
Seventh Circuit.

Jan. 21, 1971.

Rex Carr, East St. Louis, Ill., for defendant-appellant.

Henry A. Schwarz, U. S. Atty., Jeffrey F. Arbetman, Asst. U. S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, DUFFY, Senior Circuit Judge, and STEVENS, Circuit Judge.

DUFFY, Senior Circuit Judge.

Defendant Ayres is a Jehovah Witness. He was convicted of wilfully failing to report for civilian work after having been classified as a conscientious objector in Class I–O, in violation of Title 50 U.S.C. App. § 462. The sentence was suspended and defendant was placed on three years' probation on condition that he perform designated civilian work. Defendant appeals from this conviction.

In 1966, defendant was classified by his Local Board in Belleville, Illinois, as I–A. He submitted a classification questionnaire in which he claimed to be a conscientious objector and asked for a I–O classification for the reason he was a Jehovah Witness and claimed he could not conscientiously become a member of the armed forces.

Defendant appealed his classification and while his appeal was pending, he requested a reclassification to IV-D for the reason that he claimed to have become a minister. This request was received by the Board on November 1, 1966. On January 28, 1968, the Board acknowledged defendant's request and asked him to submit a letter from his church authorities as to whether he was considered a full-time minister by his church.

The overseer of defendant's congregation reported to the Board that the defendant was spending some seventy-five to one hundred hours per month and over eight hundred twenty hours over the period of a year in ministerial work. The overseer's report also stated that although defendant had received several "Vacation Pioneer" appointments, he was "not considered a full time Minister or 'Pioneer'." The Local Board took no action on defendant's request for reclassification as IV-D.

On March 15, 1968, the Appeals Board, acting on defendant's prior request for 1-O classification, ordered him placed in that Class. The Board sent him SSS Form 152 to fill out and return. This form was to be used by defendant to designate the type of civilian work he would be willing to undertake. However, by letter received by the Board on April 15, 1968, defendant replied that he would not perform civilian work.

The Local Board forwarded his file to the State Director of Selective Service for advice. The State Director replied that defendant should be offered three types of work. The Board held a meeting with defendant in June 1968. The defendant again refused to undertake civilian work.

In June 1968, defendant submitted his application to the Watchtower Bible & Tract Society for appointment as a Regular Pioneer Minister. He was advised that the Society would be unable to act upon that request at that time.

On October 23, 1968, the Board sent defendant SSS Form 153 and ordered him to report for civilian work at Chicago State Hospital in Chicago on November 8, 1968. The defendant failed to report.

On December 27, 1968, defendant went to the Local Board office and presented a letter from the Watchtower Bible and Tract Society which stated he had been appointed to serve as a Regular Pioneer Minister. On the same day, the Board wrote to the State Director requesting authority to cancel defendant's order to report for civilian duty. On December 30, 1968, the State Director reported the defendant to the United States Attorney for the Eastern District of Illinois for prosecution.

On January 14, 1969 the defendant was advised that he had been reported to the United States Attorney by a letter from the Local Board which read: "On 27 December 68, the information regarding your appointment as Pioneer Minister was forwarded to our State headquarters. Today we received your file which shows an indictment has been issued against you. Any further action in your case will be taken by the Department of Justice." An indictment followed.

Defendant Ayres' primary contention is that the Local Board violated certain Selective Service Regulations and hence deprived him of his due process rights when they refused to reopen his file on December 27, 1968, after defendant appeared at the Local Board Office on that date with his Letter of Appointment as a Regular Pioneer Minister. It is argued that by submitting this letter, defendant made out a prima facie case for the IV-D ministerial exemption which then obligated the Board under 32 C.F.R. § 1625.2(1) to determine whether this change in defendant's status was due to "circumstances beyond his control" and hence merited reopening. In urging that this procedural irregularity requires reversal, defendant relies strongly on United States v. Bittinger, 422 F.2d 1032 (4 Cir., 1969), which involved a similar request by a Registrant to have his classification changed from I-O to IV-D, subsequent to issuance of an Order to Report for Civilian Duty. In *Bittinger*, the Court correctly noted that "the change from layman to cleric may lie beyond the registrant's control, for much depends on the duties to which the church assigns him" and that thus the Local Board erred in not considering Bittinger's request to reopen.

But the reasoning of the *Bittinger* case does not extend to the present situation where the request to reopen was submitted to the Board not only after the issuance of the Order to Report for Civilian Work, but after the date to report for duty had passed as well. In the present case, any procedural irregularity committed by the Board on December 27 when they failed to reopen Ayres' file has no bearing upon whether Ayres violated the criminal proscriptions of 50 U. S.C.App. § 462 one month earlier on November 8 when he failed to report for duty. Our position is not grounded in any judicial preference to cut off late consideration of reopening requests, but rather from an acknowledgment of the fact that a criminal act of this type is not cured by a subsequent administrative error. As long as Ayres' Order to Report for Civilian Work had been validly issued as of the date Ayres failed to honor it, then the Local Board's subsequent action "could not effect the waiver of a previous violation of law committed by defendant." United States v. Smogor, 411 F.2d 501 at 503 (7 Cir., 1969) (rehearing denied 415 F.2d 296). Accord: United States v. Jones, 423 F.2d 636 (4 Cir., 1970).

Our decision does not contradict this Court's holding in United States v. Shermeister, 425 F.2d 1362 (7th Cir., 1970). *Shermeister* dealt with a Registrant who

presented a Conscientious Objector claim after having been ordered to report for induction, but one day prior to the actual induction date. In holding that the Board erred in not considering "the facts presented in a request to reopen", we noted that it was not necessary for the Board to invoke emergency procedures merely because the Induction Date was imminent and that the Regulation (32 C.F.R. § 1625.2(1)) "allows even post induction day consideration of these requests." But the requests referred to in *Shermeister* were those submitted prior to the date for Induction. Thus the Registrant in *Shermeister* who refused induction did so because the Board, as of that date, had violated his due process rights in not reopening his file. That is not the case here.

While, as *Shermeister* correctly stated, 32 C.F.R. § 1625.2(1) does allow post-Induction Day consideration of reopening requests which have been submitted to the Board prior to Induction, the regulation does not govern claims presented only after a failure to report has occurred. The Ninth Circuit recently noted this fact in United States v. Hart, 433 F.2d 950 (9 Cir., 1970), where, similarly, a Conscientious Objector classification was asserted for the first time several weeks after the Registrant failed to report for induction.

Thus, the only steps taken by the Local Board which are pertinent to defendant's present conviction as possible prejudicial error would be those which occurred prior to November 8, 1968, the date when he first failed to report for Civilian work. In this respect, defendant argues that the Board never sent him a letter notifying him that they were not reopening his file after his original request for the Ministerial exemption was submitted in November 1966, and that they thus violated the provisions of 32 C.F.R. § 1625.4. While it is true that such an omission can constitute prejudicial error, United States v. Cioeta, (D. Oregon, 1970, 3 Selective Service Law Reporter 3309), we believe that no prejudice occurred here because the defend-

ant had actual notice of the fact that his request for the Ministerial Exemption had been denied in time for him to renew the claim before he was ordered to report for Civilian work. On at least two occasions before the Work Order was issued, defendant met with the Board Members to discuss appropriate civilian work. When he specifically inquired of the Clerk whether any other classification was available to him he was told that none would be. Clearly, he was "made sufficiently aware that his request to reopen the classification had been denied." United States v. Isenring, 419 F.2d 975 (7 Cir., 1969).

Defendant has not contended that he ever made out a prima facie case for the IV-D exemption sufficient to require a reopening prior to December 27, 1968, and we see no reason to disturb the Board's findings on this point. Inasmuch as defendant's Overseer wrote the Board that defendant was not considered a "full time minister" and as little or no other information ever was submitted to the Board to refute that conclusion, we cannot say that the Board erred in this respect.

The judgment of conviction is

Affirmed.