**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Lawrence Frank LEISTIKO, Defendant.**

**No. 4–72 Cr. 13.**

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 1, 1972.

**28**

Robert G. Renner, U. S. Atty. by Elizabeth A. Egan, Minneapolis, Minn., for plaintiff.

Robert D. Metcalf, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

Defendant registered with his Local Draft Board No. 37 January 18, 1965 and after a series of II–S deferments, was classified I–A for the first time August 26, 1969, then II–A until November 1970 and on October 21, 1970, again I–A. Defendant was accorded a personal appearance on the question of his II–A classification on December 26, 1970. Meantime, he had asked for and received a form No. 150 for conscientious objection, which he delivered to the Board at the meeting of December 26, 1970. Subsequent correspondence of January 28, 1971 reveals: "The local board did not act upon your claim for Conscientious Objector status at this time." He was again requested to and did personally appear before the local board on June 23, 1971 for a 30 minute or more interview concerning his conscientious objector claim. His own summarization of what transpired is in the file. There also appears in defendant's file a notation dated June 23, 1971:

"The reason Lawrence F. Liestiko [sic], 21 37 46 191, was not granted a 1–0 Class. was that the Board believed Mr. Liestiko's claim was based upon Political beliefs and failed to justify his Conscientious Objector claim.

Vote: 4–0"

In due course defendant perfected an appeal and on September 11, 1971 the Appeal Board classified defendant I–A. October 7, 1971 he was issued an order to report for induction November 8, 1971 to which, according to his own testimony on the witness stand, he knowingly and wilfully refused to submit.

▮ The critical question presented is whether there is a basis in fact for denial of defendant's conscientious objector claim to be deduced "from the four corners of the file" and/or whether the local board stated reasons for denying defendant a conscientious objector claim. The court finds and there is no doubt but that his form No. 150 established for defendant a *prima facie* case for conscientious objector classification.

The case was tried before this court prior to the issuance of the Eighth Circuit Court of Appeals decision, United States v. Hanson, 460 F.2d 337, May 15, 1972. That case, as in the case at bar, dealt with a conscientious objector claim. While it is clear from *Hanson* that the court even in the absence of specific written findings may find a basis in fact for a classification or a denial of classification based on objective evidence found within the four corners of a registrant's file, it is nonetheless a fatal procedural flaw if the file does not so reveal for the local board to fail to articulate in writing the reasons for its denial of a conscientious objector classification. The rationale of United States v. Haughton, 413 F.2d 736 (9th Cir. 1969), is "that written reasons are necessary to provide the registrant with a basis for meaningful appeal and review." Until *Hanson* the Eighth Circuit Court of Ap-

peals had never adopted the *Haughton* rule but in *Hanson* does so and refers to the government's own recent change of position citing the Solicitor General's brief in Joseph v. United States, 405 U.S. 1006, 92 S.Ct. 1274, 31 L.Ed.2d 473, March 27, 1972:

"We are now persuaded that, in the particular circumstances of this case, the failure of the local board to state reasons for denying petitioner conscientious objector status was error."

Quoted also is Fein v. Selective Service System Local Board No. 7, 405 U.S. 365, 92 S.Ct. 1062, 31 L.Ed.2d 298 (1972). Mere conclusions are not reasons. See United States v. Iverson, 455 F.2d 79 (8th Cir. 1972). The only statement by the Appeal Board here appears in its minutes and reads "Experiency" and "Insincere." There is no pointing to evidence or objective facts which would constitute the reasons as to why the Appeal Board reached these conclusions. Further the Local Board's earlier June 23, 1971 minutes quoted above merely stated that it believed that the claim was based on political beliefs. This again is a conclusion which may or may not have been justified or drawn from the personal interview but there is nothing in defendant's Form 150 and other letters written to the Board nor in defendant's own summary of what transpired at the meeting that could constitute *reasons* for this conclusion. The line may be thin between the definition of the words "conclusions" and "reasons", but in the case at bar the court believes "reasons" were not given but mere "conclusions".

■ The court realizes that the Local Board 37 acted, and the United States by jury indicted prior to the Court of Appeals *Hanson* decision but the law has now been stated and this court must follow it.

Accordingly, a not guilty finding has been entered.