**UNITED STATES of America,**
**Plaintiff,**

v.

**Jeffrey Clifton RAYMOND, Defendant.**

**No. 70–CR–154.**

United States District Court,
E. D. Wisconsin.

Jan. 22, 1973.

---

David J. Cannon, U. S. Atty., by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Bryan Borman, Milwaukee, Wis., for defendant.

## DECISION AND ORDER FOR ACQUITTAL

REYNOLDS, District Judge.

On December 10, 1971, the defendant Jeffrey Clifton Raymond was tried by the Court for refusing induction into the armed forces in violation of the Selective Service Law, Title 50 Appendix, United States Code § 462. The defendant alleges that his local draft board denied him due process by failing to follow proper procedures in handling his request for a student deferment and by destroying potential evidence. He therefore asks for a judgment of acquittal on the ground that the order to report for induction was invalid. I conclude that the local draft board failed to consider his request to reopen his classification and that consequently he must be acquitted. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1966). This conclusion makes it unnecessary to decide the other issues defendant has raised.

### FINDINGS OF FACT

Early in 1968 defendant turned eighteen and registered with his local draft board. On September 13, 1968, a clerk of the board mailed him SSS Form 100, the official Classification Questionnaire, which he completed and promptly returned noting that he was not yet a college student. On October 14, 1968, he was sent SSS Form 104, Request for Undergraduate Student Deferment. This form was not immediately returned, and on October 21, 1968, the board classified him 1–A. On January 2, 1969, the clerk of the board sent defendant a Correspondence Postal Card, SSS Form 390, on which the following was typed:

"Dear Sir:

"The Local Board will review your classification in the near future. To date we have not received verification of your enrollment and Request for Undergraduate Student Deferment, SSS Form 104.

"Without such certification, you will not qualify for student deferment consideration under the Military Selective Service Act of 1967."

On February 6, 1969, defendant, who had entered college only a couple weeks

before, returned SSS Form 104, Request for Undergraduate Student Deferment, which he had signed and completed. On the form is the following printed statement:

"I have read and understand the preceding provisions of the Military Selective Service Act of 1967. I am pursuing a full-time course of instruction at a college, university, or similar institution of learning, and do hereby request that I be granted an undergraduate student deferment in Class II–S."

Defendant next heard from the board on April 18, 1969, when he received SSS Form 127, Current Information Questionnaire. In Series V, the educational section of the questionnaire, defendant stated that he was at that time a full-time student at Madison Technical and Vocational College, majoring in liberal studies and preparing for commercial art. He returned the form to the board on April 28 and the next day was mailed another Correspondence Postal Card, SSS Form 390, stating:

"Dear Sir:

"This is to advise you to submit certification from school verifying your full-time attendance. Please tend to this without delay."

The certification to which the card refers is SSS Form 109, Student Certificate. The practice at that time was for the draft board to send this form to the college and for the college to complete it and return it to the board only at the student's request. Getting the form to the board was the student's obligation. 32 C.F.R. § 1622.25(d). Defendant testified that after receiving this post card, he showed it to a woman in the school's office and was assured by her that the school would send in the form. However, the board did not receive the form.

On May 28, 1969, defendant was mailed an order to report for a physical examination. On June 24, 1969, he was given the examination and found acceptable for induction. He received another Current Information Questionnaire, SSS Form 127, about July 25 which he completed and returned on August 6 when he was out of school because of summer vacation. On about September 5 he received another Correspondence Post Card, SSS Form 390, advising him again to submit certification of his student status. But he was not in school on that date, and he did not respond. An order to report for induction was mailed to him on September 9. He refused induction on September 23, 1969.

The Government has stipulated that the local draft board never reviewed defendant's file after originally classifying him 1–A in October 1968. The Government has also stipulated that the following forms were destroyed by the board one year after their preparation and are no longer available:

1. SSS Form 201, Notice of Call on Local Board, which told the local board the number of men to deliver for induction in September 1969.

2. SSS Form 261, Delivery List, which lists the men forwarded to report for induction on September 23, 1969.

3. SSS Form 202, Physical Examination Call on Local Board, which told the local board the number of men to deliver for physical examination in June of 1969.

4. SSS Form 225, Physical Examination List, which lists the men forwarded to report for a physical examination on June 24, 1969.

## CONCLUSIONS OF LAW

■ Defendant's principal contention is that the draft board never considered his SSS Form 104, Request for Undergraduate Student Deferment, and thereby denied him due process. Of course, I cannot decide or even examine the merits of his request for a deferment. A court has no place in the classification process. Freeman v. United States, 388 F.2d 246 (7th Cir. 1967). I hold only that there was a request for reclassifica-

tion, that the request was not considered, and that, according to the decision of the Seventh Circuit in United States v. Shermeister, 425 F.2d 1362 (7th Cir. 1971), the failure to consider it amounts to a violation of due process.

At the time in question, Selective Service Regulation 32 C.F.R. § 1625 provided in part:

"§ 1625.1 (a) No classification is permanent.

"§ 1625.2 The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification * * *.

* * *

"§ 1625.4 When a registrant files with the local board a written request to reopen and consider anew the registrant's classification and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification. In such a case, the local board, by letter, shall advise the person filing the request that the information submitted does not warrant the reopening of the registrant's classification and shall place a copy of the letter in the registrant's file. * * *"

In *Shermeister*, supra, where a conviction for refusing induction was overturned because the local board did not consider an eleventh hour request for conscientious objector classification,[1] the Court said:

"* * * We read this Section [§ 1625] as requiring, as an element of a registrant's due process rights, that the local board at least consider the facts presented in a request to reopen. * * *" United States v. Shermeister, 425 F.2d at 1364.[2]

■■■ Despite *Shermeister* the Government contends a registrant must make a prima facie showing that he is entitled to the requested classification before the board has any obligation to consider his request. A prima facie showing that one is entitled to be reclassified, however, is what is necessary to force the board to reopen one's classification. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970); United States v. Ford, 431 F.2d 1310 (1st Cir. 1970). Forcing the board only to consider reopening one's classification requires less. As the district court said in United States v. Reeves, 325 F.Supp. 179, 188 n. 14 (M.D.Fla.1971):

"Although the Court finds that the October 15, 1968 request for reopening did set forth a *prima facie* case for reopening, the holding of the Court is not dependent upon such a finding. Defendant is not guilty of this count if he shows that (a) he filed a written request for reopening, and (b) the Board never considered the request. * * *"

See also Davis v. United States, 410 F. 2d 89 (8th Cir. 1969), and United States

---

1. Since *Shermeister* involved a reclassification request that was made after the registrant received an induction notice, the local board would have been justified in denying the request regardless of its merits because of its untimeliness. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971). *Ehlert* also makes it arguable that local boards need not even consider tardy requests. For timely requests, however, the interpretation given 32 C.F.R. § 1625 in *Shermeister* has not been overruled.

2. 32 C.F.R. § 1622.1(c) also provides in part: "* * * The local board will receive and consider all information, pertinent to the classification of a registrant, presented to it. * * *"

v. Robertson, 404 F.2d 1141 (5th Cir. 1968).

There is authority for the proposition that when a letter from a registrant does not specifically request a reopening or a new classification, the board need not construe the letter as such a request unless it establishes a prima facie case for a new classification. See United States v. Hasmuk, 419 F.2d 929 (7th Cir. 1970). This proposition underlies the decision in Wilke v. United States, No. 70–CR–91 (7th Cir., decided Dec. 30, 1971), on which the Government relies. In that case the registrant, after being classified as a conscientious objector, wrote two letters to the board before failing to report for civilian work. In response to a letter from the board concerning the selection of alternative service the defendant wrote: "I am one of Jehovah's witnesses, and because I am a minister, I must refuse to compromise on this issue." When later ordered to select one of three available jobs, the defendant replied: "Because of my religious convictions, that of being one of Jehovah's witnesses, I feel I must refuse such work * * * I am considered by my religious sect to be a minister of Jehovah God." That these statements did not constitute a specific request either for a reopening of the defendant's classification or for a IV–D full-time minister deferment follows *a fortiori* from the decision of the same court in *Hasmuk*, supra, where a registrant's request for a meeting to "explain better [his] stand as a Christian minister" was not considered sufficiently specific. United States v. Hasmuk, 419 F.2d at 930. Accordingly, the Court in *Wilke*, citing *Hasmuk*, upheld the defendant's conviction. But in the case presently before me the board could not have asked for a more specific request for a reopening and a reclassification than defendant provided when he completed and returned SSS Form 104, Request for Undergraduate Student Deferment.

Finally the Government contends that defendant never made a request for a student deferment because SSS Form 109, Student Certificate, was never sent to the board by defendant's college. Defendant's failure in this regard may have been grounds for refusing to grant him the classification he sought. It may also have been grounds for refusing to reopen his classification, though that is not certain. See United States v. Mathews, 450 F.2d 439 (1st Cir. 1971); United States v. Ford, 431 F.2d 1310 (1st. Cir. 1970); United States v. Mizrahi, 409 F.2d 1219 (9th Cir. 1969); United States v. Ransom, 223 F.2d 15 (7th Cir. 1955); and United States v. Crowder, 332 F.Supp. 251 (D.Minn. 1971). But it can hardly nullify the request defendant made by mailing in SSS Form 104 unless the word "request" is to be twisted beyond its ordinary meaning.

One might argue that consideration by the board serves no purpose when the student certificate, SSS Form 109, has not been received because the request to reopen must invariably be denied. This argument is less than convincing, however, since the Selective Service regulations themselves only require the registrant to produce "evidence" that he is entitled to a student deferment in order to qualify for one, and it is possible that a local board, upon considering a registrant's request, may find evidence on which to grant the deferment even though SSS Form 109 has not been received. 32 C.F.R. § 1622.25(d).

Even if after considering the requests the board routinely refuses to reopen the registrant's classification in the absence of SSS Form 109, the registrant will at least be clearly notified of that action and of his need to submit further information. 32 C.F.R. § 1625.4. To an extent, this very case illustrates the need for such an unequivocal notice. For if the board had considered and decided defendant's request to reopen his classification, he would have been more likely to recognize the importance of getting SSS Form 109 or some other evidence of his student status before the board. As it was, he only knew that his request for

a student deferment had not yet been granted and that the secretary of the board wanted him to send "certification from school verifying [his] full-time attendance." Correspondence Postal Card, SSS Form 390, mailed April 29, 1969.

■ Though in the absence of other evidence the presumption in favor of the regularity of board proceedings would compel a finding that the board did consider defendant's request, that presumption is surely rebutted by the Government's stipulation to the contrary. United States v. Yeoman, 400 F.2d 793 (10th Cir. 1968). The only response to his request indicated by the record was the secretary's action in mailing the Correspondence Postal Cards and the Current Information Questionnaire. Consideration by the secretary is no substitute for consideration by the board. United States v. Miller, 455 F.2d 358 (9th Cir. 1972); United States v. Trepp, 332 F.Supp. 1331 (D.Minn.1972).

The court in *Shermeister* emphasized that a court cannot weigh the merits of a registrant's request nor presume that the board would deny the request. Had the board decided to reopen the classification, such a reopening would treat the registrant's case like an original classification. Even if his reclassification were denied, he could have appealed the denial. The board's failure to consider his request, then, could have effectually denied his right of appeal. United States v. Norman, 412 F.2d 629, 631 (9th Cir. 1969); Olvera v. United States, 223 F.2d 880 (5th Cir. 1955).

■ Because the scope of judicial review of local board action is "the narrowest known to the law" and a classification made by a local board can be altered only if it has "no basis in fact," it is imperative that the Selective Service System strictly and faithfully follow its own procedures. Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59 (1947); Clay v. United States, 397 F.2d 901, 915 (5th Cir. 1968); Campbell v. United States, 221 F.2d 454 (4th Cir. 1965). The failure to follow them with strictness and fidelity invalidates the order of the board and necessitates defendant's acquittal.

■ Defendant also contends that he must be acquitted because he was not given adequate notice of the decision not to reopen his classification as required by 32 C.F.R. § 1625.4, and because the draft board destroyed records which may have shown that he was called for induction out of order or as part of an illegal overcall. I need not decide either contention. But insofar as the practice of destroying draft records, especially SSS Forms 201, Notice of Call, and 261, Delivery List, one year after their preparation appears to be widespread among draft boards, I note that the practice raises serious considerations that may jeopardize many government prosecutions. It is now well settled that the local board must strictly comply with order of call regulations and that the propriety of the call "affects registrants' substantial rights." United States v. Baker, 416 F.2d 202, 204–205 (9th Cir. 1969). A showing of an improper order of call is a defense to a criminal prosecution for refusing induction. Dobie v. United States, 444 F.2d 417 (1971); United States v. Leichtfuss, 331 F.Supp. 723, 747 (N.D.Ill.1971). Destroying SSS Forms 201 and 261 before a defendant can examine or copy them prevents him from showing that the order of call regulations were not followed. Whether it would be fair to convict a defendant nonetheless is a serious question.