UNITED STATES of America,
Plaintiff,

v.

Paul DeWitt SPENCER, Defendant.

No. 73–CR–19.

United States District Court,
E. D. Wisconsin.

Jan. 21, 1974.

D. Jeffrey Hirschberg, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Curry First, Milwaukee, Wis., for defendant.

## MEMORANDUM OPINION AND ORDER

JOHN W. REYNOLDS, Chief Judge.

This is a selective service case in which the defendant, Paul DeWitt Spencer, is charged by indictment with willfully and knowingly failing to report for induction into the armed services in violation of § 462, Title 50 Appendix, United States Code. Defendant has entered a plea of not guilty. This matter is presently before the court on defendant's motion for directed acquittal or, in the alternative, to dismiss the indictment. Defendant's motion for directed acquittal is granted.

The facts in this case are essentially as follows: On September 29, 1971, defendant's draft board (Milwaukee County Local Board 45) received defendant's "Classification Questionnaire" (SSS Form 100) in which defendant claimed a conscientious objector status. On October 12, 1971, the draft board received defendant's "Special Form for Conscientious Objector" (SSS Form 150) in which defendant stated his reasons for claiming conscientious objector status. In SSS Form 150, defendant stated:

"I do not believe in war in any form, nor will I participate in any war, not because of a religious training but because I shall not kill. I believe that Jesus Christ is my personal savior and that all men will find peace if they are *born again* in Jesus Christ."

On November 16, 1971, the draft board reviewed defendant's conscientious objector petition and classified him 1–A. The board enumerated several reasons in writing for denying the defendant conscientious objector status by stating:

"The registrant's glibness in response to the questions in SSS Form 150 [Special Form For Conscientious Objector] lead the Board to believe that the registrant is using this claim as a practical way of avoiding confrontation with the military service and not because of religious, moral or ethical beliefs. The registrant has failed to demonstrate how, if in any way, his religious, moral or ethical beliefs have directed or influenced his life and were formulated in his mind.

"Conscientious Objector classification is denied because the registrant's claim is essentially a 'personal moral code.'"

The board did not immediately mail these reasons to defendant, but did mail him notice of his 1–A classification.

Defendant was ordered to report for a physical examination on November 22, 1971. On November 19, 1971, the defendant's father notified the draft board that he did not know the whereabouts of his son. Upon request by the local board, he returned the defendant's order for physical examination and notice of classification (which defendant had never received). Defendant failed to report for his physical examination and, consequently, was ordered by letter to report for another physical on January 19, 1972. This letter was also never received by defendant as it was returned to the draft board by the post office. On January 19, 1972, defendant failed to report for his second scheduled physical. On March 17, 1972, he was mailed his order to report for induction, ordering him to report on April 20, 1972, to the Milwaukee induction station.

On April 10, 1972, the defendant mailed a letter to the draft board. In this letter he stated several reasons why he had not been receiving his correspondence, reiterated the fact that he still considered himself a conscientious objector, and requested that his case be "reopened" and that he be given a personal appeal. On April 13, 1972, the draft board wrote to the defendant enclosing for the first time defendant's "Notice of Classification" and the written reasons for denying defendant's conscientious objector claim. There is nothing in defendant's file to indicate that the local board considered his request to reopen. The draft board's letter of April 13, 1971, in no way reflects advice by the draft board to the defendant that his petition to reopen had been denied.

Defendant did not exercise his right to appeal his 1–A classification. He failed to report for his scheduled induction on April 20, 1972. He was indicted by order of the grand jury on January 9, 1973.

Defendant argues that the denial of conscientious objector status by the local draft board was without basis in fact and based on legally erroneous standards, and that he was denied due process of law when the local board failed to timely mail him the reasons for rejecting his conscientious objector claim and, further, when the local board failed to consider his request to reopen. The Government disagrees with defendant's arguments. While not briefing the relevant legal points, the Government simply argues in a letter submitted to the court that the local board acted in accordance with the procedures required at that time, and, further, that since defendant failed to pursue his administrative remedies, he is barred from raising the above-mentioned defenses.

■■ I do not examine the merits of the request made by the defendant to the draft board. This court does not play a role in the classifying of individuals by the Selective Service System. *Freeman v. United States*, 388 F.2d 246 (7th Cir. 1967). Because of the narrow scope of judicial review of local draft board proceedings, it becomes important that the Selective Service administration

regularly and strictly follow its own procedures. Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59 (1947).

Here, the local board did not comply with its designated procedures. At the time in question, the following provisions of Selective Service Regulation 32 C.F.R. § 1625 (1972) were in effect. The applicable sections stated:

"§ 1625.1 (a) No classification is permanent.

\* \* \* \* \* \*

"§ 1625.2 The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, \* \* \* if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; \* \* \*

\* \* \* \* \* \*

"§ 1625.4 When a registrant files with the local board a written request to reopen and consider anew the registrant's classification and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification. *In such a case, the local board (a) shall record in the registrant's file the reasons for its decision not to reopen his classification, and (b) shall advise the registrant by letter of its decision not to reopen his classification and the reasons therefor."* (Emphasis added.)

■ Since the facts show that defendant filed a request to reopen, that the request came after his order to report for induction, and that the request was not considered by the local board, I find noncompliance with 32 C.F.R. § 1625.4. The record does not show that the draft board notified defendant of its action; there is nothing to indicate that the draft board considered the defendant's request; there is no copy of a letter in the defendant's file advising him that "the information submitted does not warrant a reopening" or stating that his request had not been entertained because of untimeliness. If such a copy had been present, the draft board would have satisfied the dictates of 32 C.F.R. § 1625.4. Such evidence is not present, and I must hold that the evidence fails to show that the defendant was afforded the due process required. See United States v. Shermeister, 425 F.2d 1362 (7th Cir. 1970).

In United States v. Raymond, 352 F. Supp. 1220 (D.C.Wis., 1973), I determined that the registrant is not required to make a prima facie showing that he is entitled to the classification requested before the draft board has any obligation to consider his request to reopen. I stated:

" \* \* \*. Forcing the board only to consider reopening one's classification requires less. As the district court said in United States v. Reeves, 325 F.Supp. 179, 188 n. 14 (M.D.Fla. 1971):

"Although the Court finds that the October 15, 1968 request for reopening did set forth a *prima facie* case for reopening, the holding of the Court is not dependent upon such a finding. Defendant is not guilty of this count if he shows that (a) he filed a written request for reopening, and (b) the Board never considered the request. \* \* \*

"See also Davis v. United States, 410 F.2d 89 (8th Cir. 1969), and United States v. Robertson, 404 F.2d 1141 (5th Cir. 1968)." 352 F.Supp. at 1223–1224.

In footnote form, I suggested that since the defendant's request to reopen was made after he had received his induction notice, the local board would have satisfied § 1625.4 by simply denying the defendant's request because of

untimeliness regardless of its merits. United States v. Raymond, 352 F.Supp., supra, at 1223, n. 1. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L. Ed.2d 625 (1971), requires no more than this.*

It is possible to argue that consideration by the board serves no purpose when the decision to reopen will automatically be denied. This argument is not convincing because the response required by § 1625.4 insures that, at the very least, the registrant will be notified of the board's action and of his need to submit further information.

The failure to strictly follow Selective Service procedures in this case invalidates the order of the board and necessitates defendant's acquittal.

---

* Even if *Ehlert* is extended to stand for the proposition that local boards need not even consider tardy requests, it appears here, on the basis of the record before me, that defendant would have a pre-Ehlert defense.