**UNITED STATES of America,**
**Plaintiff,**

v.

**Richard A. WILLS, Defendant.**

**Crim. A. No. 73–CR–98.**

United States District Court,
E. D. Wisconsin.

Jan. 22, 1975.

Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Todd J. Mitchell, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a selective service case in which defendant was indicted for wilfully and knowingly refusing to submit to induction on or about August 4, 1972, in violation of 50 U.S.C.App. § 462. Defendant pled not guilty and has filed a motion for a directed verdict or, in the alternative, to dismiss the indictment. Defendant's motion for dismissal is granted.

The facts are as follows. On September 13, 1971, defendant was classified 1–A. He was given a physical examination on November 10, 1971, and a statement of acceptability was mailed to him on December 3, 1971. After defendant requested a re-evaluation of his physical acceptability, further examinations were conducted, and by letter dated March 8, 1972, defendant was told that he remained "fully acceptable."

On May 15, 1972, an order to report for induction (SSS Form 252) was mailed to defendant's last given address. The order directed defendant to report for induction on June 15, 1972. Defend-ant did not report for induction as ordered.

On July 24, 1972, defendant's local board received a letter from him dated July 21, 1972. In the letter defendant informed the board that, because of "a very traumatic emotional experience and a considerable delay in receiving my mail," he had only recently received the order to report for induction on June 15, 1972. Defendant requested that the board postpone his induction, reopen his classification, and consider scheduling another physical examination for him. In the letter he related that in the spring of 1972, the girl he was dating became pregnant, causing discord between defendant, his girl friend, and their families. Defendant further told the board that he had moved out of his parents' house in late April, and, after the child was born in late May, he got married to the mother of the child on May 30, 1972.

He claimed a hardship deferment because of the large financial obligations, such as doctor and hospital bills and baby necessities, which he had incurred. He also stated that in his absence, his wife and child would be left without support, since it would be impossible to ask either set of parents to help after all the friction which had occurred. Defendant also claimed eligibility for a IV–F (medical/emotional) deferment because his emotional problems had been aggravated by all the stresses and conflicts that had occurred.

On the same date, the board received a letter from defendant's wife, explaining that the induction of her husband would be an extreme emotional and financial hardship on herself and their child.

The local board conferred with State Headquarters, which directed the local board to reorder defendant for induction on August 4, 1972, and to review the request for a hardship deferment at the local board meeting on July 31, 1972. Accordingly, by letter dated July 24, 1972, the local board notified defendant

that he was to report for induction on August 4, 1972.

By letter dated August 1, 1972, defendant was informed as follows:

"The Members of the Local Board reviewed your request for a postponement of Induction, reopening of your classification and request for another physical examination at their recent meeting.

"The Members of the Local Board did not grant your request as they did not find the reasons for failure to report for induction sufficient or valid for an excuse.

"Therefore, you will be required to report as ordered on the 4th of August 1972."

On August 4, 1972, defendant reported for induction but refused to submit to induction by not stepping forward. He was indicted for this by the grand jury on April 11, 1973.

Defendant has raised several arguments in support of his contention that the order requiring him to report for induction on August 4, 1972, was invalid: (1) The board violated 32 C.F.R. § 1625.2 in failing to ascertain whether there had been a "change in the registrant's status resulting from circumstances over which the registrant has no control"; (2) the board erred in not reopening defendant's classification; (3) the board had no "basis in fact" for refusing to reopen defendant's classification; (4) the refusal to reopen by the board denied defendant due process of law; and (5) the board violated 32 C.F.R. § 1625.4 by not advising defendant of its reasons for refusing to reopen.

The Government has argued that after defendant's failure to report on June 15, 1972, defendant had a continuing duty to report for induction under 50 U.S.C. App. § 454(a) and 32 C.F.R. § 1641.-5(a). Thus, its argument continues, defendant's letter of July 21, 1972, was a post-violation day claim for a hardship deferment, and that even if the board committed an administrative error in

handling it, appellant can be convicted for his violation of the act.

The Government has relied on United States v. Ayres, 437 F.2d 832 (7th Cir. 1971), in support of its argument. In *Ayres*, the defendant was ordered to report for civilian work on November 8, 1968, failed to do so, and on December 27, 1968, filed a request for a IV–D ministerial exemption. The board did not properly consider the request for the ministerial exemption, and on appeal the defendant argued that his conviction for failing to report for civilian work on November 8, 1968, was therefore invalid.

The *Ayres* Court ruled that any procedural irregularity the board committed in failing to reopen defendant's file did not affect the criminality of the failure to report on November 8, 1968. The Court reasoned that the board's subsequent action could not cause a waiver of the previous violation of the law.

■ The *Ayres* rule—that an administrative error occurring after the failure to report cannot cure or waive the criminality of the defendant's omission —is not applicable here. The defendant in *Ayres* was indicted for failure to report prior to the administrative error. Here, the defendant was not indicted for failure to report on June 15, 1972. Rather, he was indicted for refusing induction on August 4, 1972, which was *subsequent* to the claimed administrative errors. To allow the claimed administrative errors as a defense to the subsequent refusal of induction would not give the local board a pardoning power. See United States v. Rueda, 373 F.Supp. 1392 (S.D.N.Y.1974).

■ If the local board acted improperly in not following the relevant regulations, the defendant must be acquitted. United States v. Spencer, 369 F.Supp. 100 (E.D.Wis.1974). Because of the narrow scope of judicial review of a local board's decisions, regular and strict compliance with the governing regulations is required. *Spencer*, supra; Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59 (1947).

Here, the local board did not comply with the regulations governing reopening of classifications. At the time in question, 32 C.F.R. § 1625 (1972) read, in relevant part, as follows:

"REOPENING REGISTRANT'S CLASSIFICATION

"§ 1625.1 Classification not permanent.

(a) No classification is permanent.

"§ 1625.2 When registrant's classification may be reopened and considered anew.

"The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control. [E.O. 10594, 20 F.R. 740, Feb. 3, 1955]

"§ 1625.4 Refusal to reopen and consider anew registrant's classification.

"When a registrant files with the local board a written request to re-open and consider anew the registrant's classification and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification. *In such a case, the local board (a) shall record in the registrant's file the reasons for its decision not to reopen his classification, and (b) shall advise the registrant by letter of its decision not to reopen his classification and the reasons therefor.*" [36 F.R. 23378, Dec. 9, 1971] (Emphasis added.)

■ The facts are that the defendant submitted a letter asking the board to "postpone my induction, reopen my classification and consider giving me another pre-induction physical * * *." The defendant's letter stated he believed he qualified for either a medical/emotional IV–F classification or a III–A hardship classification.

The board's letter of August 1, 1972, stated that it had reviewed the defendant's requests, but "did not grant your request as they did not find the reasons for failure to report for induction sufficient or valid for an excuse."

Under 32 C.F.R. § 1625.4, when a request for reopening a classification is submitted, the board must (1) consider the request, (2) record in the registrant's file the reasons for its decision not to reopen, (3) notify the registrant of its decision not to reopen, and (4) tell the registrant the reasons for its decision. *Spencer,* supra; United States v. Raymond, 352 F.Supp. 1220 (E.D.Wis. 1973).

The board's letter indicates that it did not find the facts stated in defendant's letter sufficient to excuse his failure to report for induction on June 15, 1972. It is true that the defendant did not ask

the board to excuse his failure to report; he asked it to reopen his classification. But a minute sheet entry in defendant's Selective Service file reads, "7–31–72 Case reviewed-not reopened Ed. Maccari 50." Thus, it appears that the board did satisfy its obligation under (1), supra, to consider defendant's request to reopen.

From the record, it also appears the board satisfied its duty under (3), supra, to notify the registrant of its decision not to reopen.

■ But the board did not fulfill its obligation under (2) and (4), supra, to state the reasons for its decision not to reopen. Under the regulations, there appear to be at least three reasons for a local board to give in refusing to reopen: (1) there has not been a change in the registrant's status resulting from circumstances over which he had no control, § 1625.2; (2) the request failed to present any facts in addition to those considered when the registrant was classified, § 1625.4; and (3) the facts presented, even if true, would not justify a change in the registrant's classification, § 1625.4.

The board's letter of August 1, 1972, does not state which, if any, of the above-stated types of reasons the board relied upon in denying the request to reopen. The statement that the facts presented were not "sufficient or valid for an excuse" is at most a conclusion that reopening was denied. Section 1625.4 demands that the board state its reasons for not reopening, not merely its conclusion. See United States ex rel. Checkman v. Laird, 469 F.2d 773, 787 (2nd Cir. 1972); United States v. Leistiko, 346 F.Supp. 27, 29 (D.Minn.1972).

United States v. Philpot, 346 F.Supp. 411, 416 (D.Md.1972).

The requirement of reasons in § 1625.4 is essential if this court is to perform its duty to determine whether there was a "basis in fact" for the board's denial to reopen. In United States v. Teresi, 474 F.2d 759, 763 (7th Cir. 1973), the Court stated:

" * * * The requirement that a local board must have a 'basis in fact' for an original classification [citation omitted] 'is equally applicable to the action of the board in determining whether or not changed conditions justify a reopening of the registrant's classification and consideration of his claim to a different classification.' * * * "

The failure of the board to supply the reasons for its denial of the request to reopen makes the review mandated by *Teresi*, i. e., whether or not the board had a "basis in fact" for its action, impossible.

It is not the responsibility of this court to speculate on which, if any, reasons the board could have relied on. The board's duty under § 1625.4 to supply the reasons for a decision denying reopening cannot be performed by this court.

The rule of *Spencer* and *Raymond* is that a board's failure to comply with its duty under § 1625.4 to consider requests for reopening necessitates a judgment of acquittal. The same result should follow where a board, as here, fails to comply with its duty under § 1625.4 to supply reasons for its decision not to reopen.

It is therefore ordered that defendant's motion for dismissal be and it hereby is granted.